IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Misty Vaughn, ) | C/A No. 6:22-cv-00675-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Gordian Medical, Inc. *d/b/a* American ) | |
| Medical Technologies, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's Motion to Transfer Venue, or, in the alternative, to Dismiss Counts Two and Three of Plaintiff's Complaint.[1] ECF No. 6. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 12, 16. Plaintiff subsequently filed a Sur Reply, to which Defendant filed an additional Reply. ECF Nos. 22, 24. For the reasons set forth below, the Court grants the Motion to Transfer Venue.

## **BACKGROUND**

Plaintiff brings this diversity action seeking a declaratory judgment that the Non-Competition, Non-Solicitation, and Non-Disclosure clauses of her Employment Agreement with Defendant ("the Agreement") are unenforceable and alleges claims of "equitable estoppel," "unclean hands," and "defamation-libel." ECF No. 1. On March 28, 2022, Defendant filed a Motion to Transfer Venue arguing that this action should be heard

---

[1] Since the Court's decision on Defendant's Motion to Transfer Venue is dispositive, the Court need not address Defendant's Motion, in the Alternative, to Dismiss Counts Two and Three of Plaintiff's Complaint.

in the United States District Court for the District of Delaware based on a forum selection clause in the Agreement. ECF No. 6. The Motion is now before the Court.

## APPLICABLE LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  The decision to transfer venue is committed to the sound discretion of the district court.  *S. Ry. Co. v. Madden*, 235 F. 2d 198, 201 (4th Cir. 1956).  A valid forum selection clause may be enforced either through 28 U.S.C. § 1404(a), which permits transfer to another federal forum, or through the doctrine of *forum non conveniens*, which provides a mechanism for dismissal where the parties have selected a state or foreign forum and transfer is consequently unavailable. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 60 (2013).

A forum selection clause may be characterized as either mandatory or permissive. A mandatory forum selection clause is one that "requires litigation to occur in a specified forum," while a permissive forum selection clause "permits litigation to occur in a specified forum but does not bar litigation elsewhere." *BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018) (citation omitted). A mandatory forum selection clause creates a "presumption of enforceability" that is overcome only if the enforcement would be "unreasonable." *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, (1972)). Where the clause is found to be permissive, however, the presumption in favor of enforceability disappears. *Id.* at 472. If the court determines the clause is permissive,

it analyzes the clause's language under the traditional *forum non conveniens* analysis. *See id*. But if the clause is mandatory, the court uses the modified framework outlined in *Atlantic Marine* to evaluate a motion to transfer. 571 U.S. at 63.

The first question before the Court is whether the forum selection clause is mandatory or permissive. The relevant portion of the Agreement containing the forum selection clause provides:

> 18. **GOVERNING LAW; JURISDICTION.** This Agreement, the rights and obligations of the parties hereto, and all claims or causes of action (whether at law or in equity, in contract, in equity, in statute, in tort or otherwise) that may be based upon, arise out of or relate to this Agreement or the Executive's employment by the Company or any member of the Company Group, or the negotiation, execution or performance thereof, or the transactions contemplated hereby (any such claim or cause of action, a "Claim"), shall be governed by and construed solely and exclusively in accordance with the internal laws of the State of Delaware, including its statutes of limitations, but without regard to the choice of law provisions thereof. ***Each of the parties agrees that any dispute between the parties shall be resolved solely and exclusively in the courts of the State of Delaware or the United States District Court for the District of Delaware and the appellate courts having jurisdiction of appeals in such courts (the foregoing courts, collectively, the "Chosen Courts"). In that context, and without limiting the generality of the foregoing, each of the parties hereto irrevocably and unconditionally (a) submits in connection with any proceeding relating to any Claim to the sole and exclusive jurisdiction of the Chosen Courts, and agrees that all Claims shall be heard and determined solely and exclusively in the Chosen Courts;*** (b) consents that any such Claim may and shall be brought solely and exclusively in the Chosen Courts and waives any objection that the Executive or the Company may now or thereafter have to the venue or jurisdiction of any such Claim in any such Chosen Court or that such Claim was brought in an inconvenient court and agrees not to plead or claim the same;

ECF No. 6-3 at 26 (emphasis added).

The general rule is that "where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *BAE Sys. Tech.*, 884 F.3d at 472 n.7 (quoting *Paper Express, Ltd.v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)). The word "shall" in conjunction with jurisdiction alone does not render a forum selection clause mandatory. *Id.* at 472. Rather, the clause's language must clearly exclude jurisdiction in any forum besides the one selected. *Id.* (citation omitted). This may be accomplished using exclusive language such as "sole," "only," or "exclusive." *Id.*; *see also K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002) (finding "exclusive," "sole," and "only" operate as exclusive terms).

Here, the forum selection clause refers to the Delaware courts in exclusive terms with both parties agreeing that "all [c]laims shall be heard and determined solely and exclusively" in what the Agreement refers to as "the Chosen Courts," i.e., the Delaware courts. Consequently, the Court finds the forum selection clause is mandatory rather than permissive. Having found the forum selection clause to be mandatory, the Court applies the modified framework in *Atlantic Marine* that "a valid forum-selection clause [should be] given controlling weight," and that district courts should ordinarily transfer the case to the forum specified, absent extraordinary circumstances. 571 U.S. at 62–63.

The Court next turns to whether the forum selection clause is valid and thus enforceable. Plaintiff argues that, under *Poole v. Incentives Unlimited, Inc.*, 548 S.E.2d 207, 209 (S.C. 2001), the Agreement should be invalidated because she entered into it

4

after her employment began and no separate consideration (in addition to at-will employment) was provided. ECF No. 12 at 10. Though the Court disagrees with Plaintiff's characterization of her employment as at-will, regardless of her employment status, no further consideration was needed given her new agreement was part of a merger with another entity that chose to retain prior executive leadership. *Id.* at 4. While *Poole* is controlling in that an agreement entered into after the inception of employment requires more substantive consideration than continued at-will employment, that is not the case here. Rather, Plaintiff became employed by the new entity as a result of the merger; her prior company no longer existed. Accordingly, her new employer's decision to retain the prior company's executive leadership at the inception of her employment with the new entity was sufficient consideration to validate the Agreement.

Even assuming her new employment with the merged entity was insufficient consideration, Plaintiff still had sufficient interest in the unvested equity units to merit consideration under the Agreement. ECF Nos. 16 at 3; 22 at 4; 24 at 2. It is arguable that the acceleration of payments connected to the Agreement may or may not have sufficed as consideration; the Court recognizes Plaintiff's contention that other employees also collected accelerated payments without having to sign a renewed Agreement. In any event, the Court is not persuaded by Plaintiff's argument that her unvested interest in the equity units did not suffice as consideration. The shares had not vested because Plaintiff chose to leave—Plaintiff's voluntary departure from the company resulted in the non-vesting, not any act made by Defendant. Had Plaintiff stayed, she would have retained an interest in the equity units, regardless of their vesting. Accordingly, Plaintiff's interest

in the equity units of Defendant's parent company was more than sufficient consideration for her consent to the Agreement. Thus, the Court finds no reason to invalidate the Agreement.

Plaintiff next contends that despite agreeing to the mandatory forum selection clause, the clause is unreasonable and thus should not be enforced. ECF No. 12 at 7. A forum selection clause may be found unreasonable if:

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

*Albemarle Corp. v. Astrazeneca UK Ltd*, 628 F.3d 643, 651 (4th Cir. 2010) (quoting *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)). Plaintiff argues that "all or nearly all" of these factors are met. ECF No. 12 at 7. Specifically, Plaintiff claims that the Agreement was "clearly a product of overreaching" by Defendant, that litigating this matter in Delaware would create a hardship for Plaintiff, that Delaware has no connection to Plaintiff's employment with Defendant, and that the forum selection clause contradicts South Carolina public policy under S.C. Code Ann. § 15-7-120(A). *Id.* at 7.

Upon review, the Court finds the Agreement was not a product of overreaching nor was Plaintiff limited in her bargaining power. Plaintiff, by her own admission, had counsel prior to and during her review and electronic signing of the Agreement. ECF No. 22 at 2. Additionally, Plaintiff could have opted to seek new employment had she disagreed with

6

the Agreement, and in fact, did both seek and find new employment in the same market with a competitor less than a year after signing the Agreement. ECF No. 6-1 at 2, 5.

Considering Plaintiff's second and third arguments together, the Court finds that Delaware does not present Plaintiff with any gravely inconvenient forum. Regardless of this Court's decision to transfer, Plaintiff has pending litigation against her in the United States District Court for the District of Delaware brought by Defendant in this case concerning the very same facts at issue here—litigation which the District of Delaware notably declined to transfer to this Court. ECF No. 25-1 (*Gordian Med., Inc. v. Vaughn*, 2022 U.S. Dist. LEXIS 200994, at *24 (D. Del. Nov. 3, 2022) (denying Plaintiff's motion to transfer venue), *R&R adopted by* 2022 U.S. Dist. LEXIS 209372, at *2-3 (D. Del. Nov. 18, 2022)).

Lastly, regarding Plaintiff's public policy arguments under S.C. Code Ann. § 15-7-120(A), this Court previously addressed this issue in *International Specialty Services v. Willis Insurance Services of Georgia, Inc.*, 515 F. Supp. 3d 374, 382 (D.S.C. 2021), and found *Albemarle* "unquestionably controlling." As stated in *International Specialty*, "§ 15-7-120(A) has been soundly rejected as a basis for declining to enforce a forum selection clause." *Id.*; *see also Albemarle*, 628 F.3d at 652 ("[W]e can find virtually no evidence to indicate that § 15-7-120(A), overriding exclusive forum selection clauses in favor of applying state procedural rules for venue, manifests a strong public policy of South Carolina."). Though Plaintiff argues that "the *Albemarle* case is a prime example of bad facts making bad law," this Court reminds Plaintiff that the "driving force" behind the *Albemarle* decision was the preemption rationale that "insofar as the South

7

Carolina statute would purport to impose South Carolina procedural rules on a federal court, it would be preempted by federal law." ECF No. 12 at 7; *Int'l Specialty*, 515 F. Supp. at 382; *Albemarle*, 628 F.3d at 652. "Federal law explicitly regulates the appropriate venue in cases filed in federal court, and to the extent that a forum selection clause is invoked to change venue, federal law applies." *Albemarle*, 628 F.3d at 652. Having determined the forum selection clause is valid, mandatory, and would not be unreasonable, this Court finds transfer appropriate under the Agreement.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue [6] is **GRANTED**. This case is hereby transferred to the United States District Court for the District of Delaware.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 20, 2023
Spartanburg, South Carolina

---

[2] Related litigation is currently ongoing in the United States District Court for the District of Delaware, *Gordian Medical, Inc. v. Vaughn*, C.A. No. 1:22-cv-00319-MN-SRF.

8